UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　Case No. 3:20-cr-572

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Benjamin Mathis,

　　　　　　Defendant.

## I.　Introduction

Defendant Benjamin Mathis seeks to suppress evidence seized following a traffic stop of a vehicle he was driving. (Doc. No. 259). The government filed a brief in opposition to Mathis' motion. (Doc. No. 27). For the reasons stated below, I deny Mathis' motion.

## II.　Background

Just before 2:00 p.m. on January 22, 2020, Toledo Police officers conducted a traffic stop on a pick-up truck containing two individuals after observing the truck had illegally tinted windows, no front license plate, and a cracked windshield. (Doc. No. 27-1 at 3). One of the officers, Detective Barwiler, spoke with the driver, who identified himself as Benjamin Mathis. Barwiler and the other officer, Sergeant Freels, were "aware that [Mathis] had 2 warrants out of Montgomery [County] and Miami County." (*Id.* at 3-4). Barwiler ordered Mathis to step out of the vehicle after Mathis failed to follow Barwiler's "repeated commands to stop reaching around the interior of the vehicle." (*Id.* at 4).

Meanwhile, Freels observed what appeared to be marijuana inside the vehicle. He then instructed the front seat passenger to exit the truck. When the passenger opened the door, Freels observed two bags of white powder, one on the floor and the other near the passenger seat belt clip, as well as a prescription pill bottle. Mathis and the passenger were placed in separate police vehicles while Freels and Barwiler searched the truck before it was towed. The search uncovered a loaded firearm in the center console. (*Id.*).

Mathis subsequently was charged by indictment with one count of illegally possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 9). Mathis now seeks to suppress any evidence related to the firearm as well as a DNA sample taken after Mathis' arrest. (Doc. No. 25).

### III. ANALYSIS

The Fourth Amendment generally requires law enforcement officers to obtain a warrant, based upon probable cause, before searching a location in which an individual has a reasonable expectation of privacy. *See, e.g., Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) ("When an individual 'seeks to preserve something as private,' and his expectation of privacy is 'one that society is prepared to recognize as reasonable,' we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause.") (further citation omitted). Probable cause is the "reasonable grounds for belief" that evidence of a crime may be found in a certain place or location. *United Stated v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "Probable cause exists when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

A traffic stop and the resulting detention of the occupants of the vehicle implicates an individual's Fourth Amendment protections against unreasonable searches and seizures. *See, e.g., Delaware v. Prouse*, 440 U.S. 648, 653 (1979). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996) (citing *Prouse*, 440 U.S. at 659).

A defendant is entitled to an evidentiary hearing on a motion to suppress "only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Ickes*, 922 F.3d 708, 710 (6th Cir. 2019) (quoting *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006)). A hearing is not required if there are no "issues of fact material to the resolution of the defendant's constitutional claim." *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996). I conclude there are no contested issues of fact that would require an evidentiary hearing.

Mathis contends Barwiler and Freels violated his Fourth Amendment rights because they placed him in handcuffs less than a minute after approaching the vehicle and then searched the vehicle "without any true investigation or verification into [his] identity . . . ." (Doc. No. 25 at 4). Mathis' argument is unpersuasive.

Mathis does not dispute that Barwiler and Freels had probable cause to stop his vehicle for a traffic violation, or that the officers were permitted to order him to step out of the truck once they had lawfully initiated the stop. *See, e.g., United States v. Hockenberry*, 730 F.3d 645, 658 (6th Cir. 2013).

Moreover, while Mathis argues the officers should have verified his identity and conducted further investigation, there is no issue of mistaken identity in this case and the officers were permitted to rely on their prior knowledge of Mathis' active arrest warrants. *See, e.g., United States v. Odoms*, Case No. 2:17-cr-210, 2018 WL 2752457, at *2-3 (S.D. Ohio June 8, 2018) (denying

3

defendant's motion to suppress because officer had verified defendant's active warrant prior to locating defendant).

Finally, the officers were permitted to search the vehicle without a warrant prior to having it towed. *Hockenberry*, 730 F.3d at 658-59. Mathis does not dispute the inventory search was permissible.

## IV. CONCLUSION

I conclude Mathis fails to show his Fourth Amendment rights were violated during or after the January 22, 2020 traffic stop. Therefore, and for the reasons set forth above, I deny his motion to suppress. (Doc. No. 25).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge