UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                Case No. 3:20-cr-572

              Plaintiff,

      v.                                          MEMORANDUM OPINION
                                                AND ORDER

Benjamin Mathis,

              Defendant.

### I. INTRODUCTION AND BACKGROUND

Defendant Benjamin Mathis was charged by indictment with one count of illegally possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 9). He later pled guilty and was sentenced to a term of 37 months in custody, followed by 3 years of supervised release. (Doc. No. 43). Mathis has filed a motion to consolidate his federal sentence with a state sentence he received for violating the terms of his parole, (Doc. No. 46), as well as a motion for an emergency medical furlough or compassionate release. (Doc. No. 47). The government filed a brief in opposition to Mathis' motions. (Doc. No. 48). For the reasons stated below, I deny both motions.

### II. ANALYSIS

#### A. MOTION TO CONSOLIDATE

Mathis first argues his sentence in this case should be consolidated with the sentence he was given in connection with a prior state charge. (Doc. No. 46 at 1). He indicates he was required to

serve 180 days for violating the terms of his parole by possessing the firearm that led to his indictment in this case. (*Id.* at 1-2). Mathis argues his federal sentence should run concurrently to the state sentence because they arose from the same conduct. (*Id.*). Mathis' argument is not persuasive.

"[P]ost-revocation sanctions constitute part of the sentence for the [defendant's] original crime of conviction," regardless of whether the conduct underlying those sanctions also may be the basis of a separate prosecution. *United States v. Wheeler*, 330 F.3d 407, 412 (6th Cir. 2003) (citing *Johnson v. United States*, 529 U.S. 694, 700 (2000)). Further, the United States Sentencing Guidelines "recommend[] consecutive sentences for a federal offense and state parole violation notwithstanding that they both arise from the same conduct." *United States v. Burton*, 802 F. App'x 896, 909 (6th Cir. 2020) (citing U.S.S.G. § 5G1.3, cmt. n. 4(C)). Mathis fails to show he is entitled to the relief he seeks and I deny his motion.

        **B.**        **MOTION FOR MEDICAL FURLOUGH OR COMPASSIONATE RELEASE**

Mathis also seeks an emergency medical furlough or compassionate release so that he can have surgery in the community on nasal polyps which are impacting his breathing. (Doc. No. 47 at 1-2). He asserts the BOP has not provided him with appropriate treatment for his condition. (*Id.*). I deny Mathis' motion because he has not established he is entitled to the relief he seeks.

First, as the government notes, I cannot grant Mathis a furlough. Authority to order furloughs of federal inmates rests solely with the BOP pursuant to 18 U.S.C. § 3622. *See, e.g., United States v. Kalasho*, No. 18-CR-20063, 2022 WL 212694, at *3 (E.D. Mich. Jan. 24, 2022); *Mescall v. Hemingway*, No. 20-11110, 2020 WL 5484028, at *6 (E.D. Mich. Aug. 10, 2020).

Nor has Mathis shown he qualifies for compassionate release. Section 3582(c)(1)(A) mandates that a defendant seeking modification of his sentence must first fully exhaust all administrative remedies or wait at least 30 days after submitting a request for release to the warden

before filing a motion for modification. 18 U.S.C. § 3582(c)(1)(A). Mathis has not complied with the exhaustion requirement.

This requirement is mandatory and not subject to waiver. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (dismissing defendant's untimely motion because defendant filed "before waiting out a statutorily required non-adversarial window"). In these circumstances, I must dismiss Mathis' motion without prejudice. *Id.* He may refile his motion once he has complied with § 3582(c)(1)(A)'s exhaustion requirement.

### IV. CONCLUSION

For the reasons set forth above, I deny Mathis' motion to consolidate, (Doc. No. 46), and his motion for medical furlough or compassionate release.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge